IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HENRY SORGE,
    Petitioner,

v.                                           Case No. 3:10cv114/LC/MD

EDWIN G. BUSS,[1]
    Respondent.
_____

## ORDER

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1) and supporting memorandum (doc. 2). Respondent has moved to dismiss the petition as time-barred, providing relevant portions of the state court record. (Doc. 12). Petitioner has responded in opposition to dismissal. (Doc. 15). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

### BACKGROUND AND PROCEDURAL HISTORY

Over ten years ago petitioner was charged with first-degree premeditated murder in the Circuit Court of Escambia County, Florida, Case Number 00-2662.

---

[1] Edwin G. Buss succeeded Walter A. McNeil as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. Fed.R.Civ.P. 25(d)(1).

(Doc. 12, Ex. A, Ex. D, p. 1).[2] He went to trial and was convicted of the offense. The conviction was reversed on appeal on the grounds that petitioner's due process rights were violated by the trial court's denial of a defense motion for continuance sought for the purpose of evaluating petitioner's sanity at the time of the offense. *Sorge v. State*, 834 So.2d 268 (Fla. 1st DCA 2002) (copy at Ex. B). Petitioner was again tried and convicted of first-degree premeditated murder. The conviction was reversed on appeal on the grounds that petitioner's Sixth Amendment right of confrontation was violated when the defense was precluded from impeaching the testimony of a prosecution witness. *Sorge v. State*, 915 So.2d 707 (Fla. 1st DCA 2005) (copy at Ex. C).

Subsequently, on March 24, 2006, petitioner entered a counseled no contest plea to the lesser offense of second-degree murder with a weapon. There was no agreement on the sentence, which was left to the discretion of the court. (Ex. D, pp. 11-39, 52-55). The maximum sentence that could have been imposed was a term of years not exceeding life imprisonment. (*Id*., pp. 14, 23-24, 34-35). Upon conducting a plea colloquy and accepting petitioner's plea, the trial court adjudicated petitioner guilty of second-degree murder with a weapon and sentenced him to 65 years in prison with credit for 5 years and 277 days. (*Id*., p. 35, 60-66). Judgment was entered that day. (*Id*., pp. 60-66). Petitioner did not appeal from the judgment. (Doc. 1, p. 2; Doc. 12, Ex. D).

On April 3, 2006, petitioner, through counsel, filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), arguing that the sentence imposed effectively exceeded a life sentence. (Ex. D, p. 68). The motion was denied by order entered June 29, 2006. (*Id*., p. 71). Petitioner appealed. (*Id*., p. 72). Counsel filed an *Anders*[3] brief, indicating that the Florida Supreme Court had

---

[2]Hereafter, all references to exhibits are to those provided at Doc. 12, unless otherwise noted. References to page numbers are to the Bates stamp appearing at the bottom center of the page.

[3]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

*Case No: 3:10cv114/LC/MD*

ruled contrary to petitioner's position. (Ex. F, p. 4 ). The Florida First District Court of Appeal ("First DCA") per curiam affirmed on March 23, 2007, without written opinion. *Sorge v. State*, 952 So.2d 1197 (Fla. 1st DCA 2007) (Table) (copy at Ex. G). The mandate issued April 18, 2007. (Ex. H).

On October 16, 2009, petitioner filed a *pro se* Motion for Postconviction Relief Asserting Newly Discovered Evidence. (Ex. I, pp. 1-14). The motion was dismissed as untimely on October 30, 2009. (*Id.*, pp. 15-28). The First DCA per curiam affirmed on March 12, 2010, without written opinion. *Sorge v. State*, 30 So.3d 497 (Fla. 1st DCA 2010) (Table) (copy at Ex. L). The mandate issued April 7, 2010. (Ex. M).

Petitioner initiated this federal habeas proceeding by filing a petition on April 13, 2010. (Doc. 1, p. 1).

## DISCUSSION

Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs the present petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, petitioner has not asserted that a government-created impediment to filing his petition existed, or that he bases his claim on a right newly recognized by the United States Supreme Court. Therefore, the limitations period runs from the later of the remaining triggers: either the date petitioner's judgment became final, or the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence.

Respondent asserts that § 2244(d)(1)(A) controls, and that under that provision the petition is untimely. Because petitioner did not appeal his judgment of conviction, it became final for purposes of § 2244(d)(1) on April 24, 2006,[4] which is thirty days after rendition of the March 24, 2006 judgment and sentence. *See* FLA. R. APP. P. 9.140(b)(3) (an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); *see also* FLA. R. APP. P. 9.020(h) (defining "rendition" as the filing of the signed, written order); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date his 30-day right to appeal expired); *Walk v. State*, 707 So.2d 933 (Fla. Dist. Ct. App. 1998) (holding that if "a conviction and sentence are not appealed, they become final 30 days after they are entered.").

---

[4]April 23, 2006 was a Sunday.

Case No: 3:10cv114/LC/MD

At that time, petitioner's motion to correct illegal sentence was pending which tolled the limitations period. Therefore, although the limitations period was triggered on April 24, 2006, the time between April 24, 2006 and April 18, 2007 (the date of issuance of the mandate on appeal of the order denying the motion) is not counted toward the limitations period. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" state postconviction petition is "pending" under Florida procedure – and consequently tolls the limitations period – until the appellate court's issuance of the mandate on appeal).

The limitations period began to run on April 19, 2007, and expired one year later on April 21, 2008,[5] absent additional statutory tolling. Because petitioner had no properly filed applications for state postconviction or other collateral review pending during that critical period (April 19, 2007 to April 21, 2008), his time for seeking federal habeas review expired on April 21, 2008.[6] Petitioner's federal habeas petition was not filed until April 13, 2010. Therefore, if § 2244(d)(1)(A) is the triggering provision, the petition is untimely.

Petitioner argues that his petition is timely under § 2244(d)(1)(D), because it is based on newly discovered evidence that he did not discover until August of 2009. (Doc. 1, p. 14). This argument is rejected.

Petitioner's habeas petition presents one claim: "Petitioner was convicted on the basis of a no contest plea that was obtained by the State without Petitioner's knowledge and appreciation of its consequences." (Doc. 1, p. 4). In support of this claim, petitioner asserts that before he entered his plea, defense counsel advised him that he would be sentenced to "a term of years not to exceed his life

---

[5]April 19, 2008 was a Saturday.

[6]Petitioner's motion for postconviction relief was filed after the limitations period expired. Therefore, that motion did not toll the limitations period. *See Alexander v. Secretary, Dep't of Corrections*, 523 F.3d 1291, 1294 (11th Cir. 2008) (holding that a state court motion for postconviction relief or other collateral review cannot toll the limitations period if that period has already expired); *Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) (same). Nor did it reinitiate the federal limitations period. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

*Case No: 3:10cv114/LC/MD*

expectancy." (*Id*., p. 5A).  Petitioner believed the plea to be in his best interest because "it created the possibility of release from prison within his life expectancy, as opposed to a life sentence." (*Id*.).  Petitioner, who was 31 years old at the time of his plea, alleges that three years after he was sentenced, his mother discovered (while shopping for life insurance on the Internet) actuarial/life expectancy tables indicating that the average life expectancy of a white male is 69 years.  (*Id*., p. 5B). She shared this information with petitioner in August of 2009.  Based on this information, petitioner asserted in his Rule 3.850 motion, as he does here, that his plea was involuntary, because "he was of the understanding that the 65-year sentence would not exceed his life expectancy; if the average life expectancy of a white male is 69 years, then his sentence would exceed his life expectancy by 21 years or, with the 85% gain time factored in, 13 years." (Doc. 1, p. 5B) (footnote omitted).  Petitioner argues he could not have discovered the actuarial/life expectancy tables sooner because he is incarcerated and "prison does not allow for the kind of information-sharing that exists in the free world."  (Doc. 2, p. 3).

The relevant inquiry under § 2244(d)(1)(D), is not when petitioner actually discovered the facts underlying his claim, but when petitioner <u>could have learned of the factual predicate through the exercise of due diligence</u>.  *See* 28 U.S.C. § 2244(d)(1)(D); *Slutzker v. Johnson*, 393 F.3d 373, 382 n. 9 (3rd Cir. 2004) ("[T]he statute of limitations starts running from the date on which the factual predicate of the claim or claims presented <u>could have been discovered</u> through the exercise of due diligence, not the date on which the factual predicate actually was discovered.") (citations and internal quotation marks omitted); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (holding that under § 2244(d)(1)(D), "the time commences when the factual predicate could have been discovered through the exercise of due diligence, not when it was actually discovered by a given prisoner.") (internal quotation marks omitted).  Due diligence does not require "the maximum feasible diligence," but it does require reasonable diligence in the circumstances.  *Moore v. Knight*, 368 F.3d

936, 940 (7th Cir. 2004) (quoting *Wims v. United States*, 225 F.3d 186, 190 n. 4 (2nd Cir. 2000)). Section 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only "if vital facts could not have been known." *Owens*, 235 F.3d at 359.

Here, assuming without deciding that the actuarial tables constitute a "fact," and even further assuming (without deciding) that petitioner's decision to plead no contest was based on assurances that he would be sentenced to "a term of years not to exceed his life expectancy,"[7] the record demonstrates that petitioner knew the factual predicate of his claim within days of being sentenced. Petitioner's motion to correct illegal sentence filed just 8 days after sentencing asserted, essentially, that the 65-year sentence exceeded petitioner's life expectancy. (Doc. 12, Ex. D, p. 68; *see also* Ex. F, p. 4 (acknowledging in the *Anders* brief that the argument made in petitioner's Rule 3.800(a) motion – that "the 65-year sentence imposed effectively exceeds a life sentence" – was rejected by the Florida Supreme in *Alvarez v. State*, 358 So.2d 10 (Fla. 1978) (holding that a defendant's life expectancy is irrelevant to determining whether a term of years exceeds "life"))). Thus petitioner, through counsel, "knew" of the factual predicate of his claim before his conviction became final. *See Wood v. Spencer*, 487 F.3d 1, 5 (1st Cir. 2007) (holding that lawyer's knowledge of factual predicate is attributed to client for purposes of § 2244(d)(1)(D)); *see also e.g., Deskins v. McNeil*, No. 8:05cv1625, 2008 WL 3285754, at *4 (M.D. Fla. Aug. 8, 2008) (imputing attorney's knowledge of facts to petitioner).

But even if counsel's knowledge cannot be imputed to petitioner, the fact remains that actuarial/life expectancy tables are readily available to the public. Certainly, if petitioner had exercised reasonable diligence before entering his plea or at least upon being sentenced, he would have asked defense counsel or a family member to look up the life expectancy of a white male. Had he done so, he would

---

[7]In reality this assertion is belied by the transcript of the plea hearing. (Doc. 12, Ex. D, pp. 11-39).

*Case No: 3:10cv114/LC/MD*

have learned the alleged "factual predicate" of his present claim. *See, e.g., Schlueter v. Varner*, 384 F.3d 69, 74-75 (3rd Cir. 2004) (holding that habeas petitioner could have discovered factual predicate for conflict-of-interest claim involving trial counsel through exercise of due diligence prior to effective date of AEDPA, not on later date when petitioner actually discovered that defense co-counsel allegedly shared civil practice with prosecutor; it was inconceivable that attorneys could have hidden their office sharing arrangement from small legal community or public, petitioner's current attorneys learned of arrangement simply by interviewing co-trial counsel (a step which could have been accomplished years earlier), and petitioner's current attorneys learned the details of the office sharing arrangement merely by reviewing court records and filings, all of which were matters of public record).

Based on the foregoing, the undersigned concludes that the factual predicate of petitioner's claim was known to him, or could have been discovered by him with due diligence, prior to petitioner's judgment of conviction becoming final. Therefore, 28 U.S.C. § 2244(d)(1)(A) is the triggering provision governing the timeliness of the petition.

## CONCLUSION

The instant federal habeas petition is untimely. Petitioner has not established entitlement to equitable tolling[8] or any other exception to the limitations period. Therefore, the petition must be dismissed.

---

[8] Section 2244(d) is subject to equitable tolling. *Holland v. Florida*, — U.S. —, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). But a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.*, at 2562-63 (citation and internal quotation marks omitted). The petitioner here has not made that showing.

*Case No: 3:10cv114/LC/MD*

# CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The court finds no substantial showing of the denial of a constitutional right in this case. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, no certificate of appealability is issued herewith. If either party objects to this denial, that party may file a motion for reconsideration of the denial; however, a motion to reconsider such denial does not extend the time to appeal. Rule 11(a), Rules Governing Section 2254 Cases.

Accordingly, it is ORDERED:

1. The clerk shall change the docket to reflect that Edwin G. Buss has been substituted as respondent in this cause.

2. Respondent's motion to dismiss (doc. 12) is GRANTED.

3. The petition for writ of habeas corpus (doc. 1) challenging the conviction and sentence in *State of Florida v. Henry Sorge*, entered in the Circuit Court of Escambia County, Florida, case number 00-2662, is DISMISSED WITH PREJUDICE.

4. No certificate of appealability will issue.

DONE AND ORDERED this 22nd day of February, 2011.

s/*L.A. Collier*
**LACEY A. COLLIER**
**SENIOR UNITED STATES DISTRICT JUDGE**